STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. DOM-
INICK PETRUCELLI, PLAINTIFF IN ERROR.

Submitted March 26, 1923—Decided April 20, 1923.

On error to the Supreme Court, in which the following *per curiam* was filed:

"This is a writ of error to the Essex Quarter Sessions. The defendant was convicted on an indictment charging him with assault with a revolver with intent to kill.

"We think there was no error in the questions as to previous conviction put to the defendant on cross-examination. After the witness said that he had been convicted of crime, it was competent to further inquire if that conviction was for running a disorderly house in Orange. *State* v. *Mount*, 73 *N. J..L.* 582.

"We find no error in a further question put to the defendant on cross-examination. He had admitted firing the shot and claimed that he did so in self-defence. He testified that he had put the pistol in the inside pocket of his coat weeks before the night of the shooting. He was then asked on cross-examination the following question: '*Q.* You know, of course, that that is one of the places the police do not search in a usual frisk?' We think that was proper. He answered, 'No, sir.' If, therefore, the question was technically improper, it was not prejudicial.

"We think the judge did not err in telling the jury what he conceived to be the real issue in the case, especially in view of the fact that he left it to the jury to say whether the real issue was the first count in the indictment charging mere assault and battery, or the second count charging assault with intent to kill.

"We think the charge on self-defence was proper. The defendant is mistaken in saying that it excluded self-defence if the danger was reasonably apprehended.

"We think there was no error justifying reversal in the charge as to the evidence. The court distinctly told the jury that they must rely upon their own recollection as to the evidence.

"We think there is no merit in the contention that under the act of 1921 the verdict should be set aside as against the weight of the evidence. We think the verdict is not against the weight of the evidence. Defendant admitted the shooting, claiming that it was in self-defence, but the complaining witness and his partner testified that defendant began the attack and wounded the complaining witness while the latter's back was turned.

"The judgment below will be affirmed."

For the plaintiff in error, *Kraemer & Siegler.*

For the defendant in error, *John O. Bigelow,* prosecutor of the pleas.

PER CURIAM.

The judgment under review herein will be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, GARDNER, ACKERSON, VAN BUSKIRK, JJ.   12.

*For reversal*—None.